STATE

v.

Patricia B. CASE.

No. 98–97–C.A..

Supreme Court of Rhode Island.

Jan. 7, 1999.

Paula Rosin, Providence.

Annie Goldberg, Aaron L. Weisman, Patrick C. Lynch, Providence.

## ORDER

This case came before the Supreme Court on December 8, 1998, pursuant to an order directing the defendant to appear and show cause why the issue raised in this appeal should not be summarily decided. The defendant was convicted by a trial justice without the intervention of a jury and sentenced to a six-month suspended sentence with one year probation. After hearing the parties' oral arguments and examining their memoranda, we conclude that cause has not been demonstrated. Therefore, the appeal shall be decided at this time.

On September 5, 1996, police officers from North Providence and Pawtucket converged upon the home of the daughter and the son-in-law of defendant, Patricia B. Case (Case), to execute a search warrant. Detective Sergeant Glenn R. Haberle (Haberle) testified that in the process of serving the warrant Case approached him, began screaming, and demanded to know why the police were present. Haberle identified himself as a police officer, and explained that the police officers were conducting a search of the premises in accordance with an authorized warrant. Haberle then escorted Case away from the scene and onto the adjacent sidewalk so that he could return to his duties. Case, however, was not satisfied with Haberle's explanation and again began "screaming [and] hollering that the police had no right to be on the premises." In response, Haberle showed Case the search warrant, but these efforts to subdue her proved unsuccessful as Case continued to berate the officers from the sidewalk. This prompted Haberle to warn Case that if she persisted, she would be arrested. Not only did Case ignore this admonishment, but Haberle testified that at one point Case kicked open a gate and began to enter the premises. After these events had occurred, and after Case continued her oral barrage which had attracted the attention of neighbors, Haberle ordered Case arrested.

Detective Michael G. Slattery (Slattery) testified that he was also present at the residence at the time of this incident. Slattery testified that he observed Case screaming at the police and witnessed Case's attempt to gain entry onto the premises by kicking open a gate. Moreover, Slattery testified that when he and another detective attempted to place Case into custody, "she struggled wildly, screamed and yelled, threatened * * * us, [and tried] to break lo[o]se." Case was eventually handcuffed, although somehow she managed to slip one of her hands out of the cuffs and free herself. After escaping Slattery testified that Case reached for her purse, however, he quickly restrained her by placing her back in handcuffs. This episode repeated itself—Case escaping from the handcuffs, reaching for her purse, and Slattery placing her back in handcuffs. After being handcuffed for the second time Case indicated that she needed asthma medication, which was stored in her purse. Slattery responded to Case's request by stating that he would call a rescue, which apparently led Case to take matters into her own hands and slip out of the handcuffs for a third time. Thereafter Slattery recuffed Case again, and another officer retrieved the asthma medication that was stored in her purse and administered it to Case.

Case's version of the events obviously differed, although she admitted to raising her voice as the police officers approached her daughter's home, and "kind of yell[ing] * * * [a] few times." Upon receiving the officer's warning to stop yelling or be arrested, Case testified that she "told them it was bull * * *," whereupon two police officers grabbed her, threw her on top of a car, and placed her in handcuffs. Case stated that she began to hyperventilate and screamed for her asthma medication, and although she

could not recall freeing herself from the handcuffs, she did remember reaching for her purse.

A next-door neighbor of Case's daughter, Denise Levasseur (Levasseur), also testified that she observed officers speaking to Case, and noted that Case seemed "a little bit upset." Levasseur also testified that she heard Case ask for her medication as she was being handcuffed, and that the officers were very rude about it. Levasseur added that she did not see Case break free from the handcuffs.

Following closing arguments the trial justice found Case guilty of resisting arrest. The trial justice specifically found credible the officers' testimony "that the defendant struggled before the cuffs were applied, and subsequently thereto she slipped off the cuffs on at least two occasions not for the purposes of demanding or reaching for her medication as the defendant would have us believe but as a ploy, an aid of her continued resistance to the arrest." Moreover, the trial justice questioned Levasseur's testimony that she did not observe Case slip out of the handcuffs, even though she was only fifteen or twenty feet away from Case.

On appeal, Case contends that the state failed to satisfy its burden of proving that she acted with the requisite criminal intent to resist arrest, and argues that the evidence demonstrates only that she was attempting to obtain her asthma medication. Moreover, Case argues that the only disinterested witness in this matter, Levasseur, corroborated her position, which further demonstrates the trial justice's error. We disagree.

It is well established that the factual findings of a trial justice sitting without a jury are entitled to great weight by this Court and shall not be disturbed on appeal unless the trial justice has overlooked or misconceived material evidence or was otherwise clearly wrong. *See, e.g., State v. Collins,* 679 A.2d 862, 865 (R.I.1996). Here, several officers witnessed Case's demeanor, both before and during her arrest, and testified that she continued to resist and abuse the officers after she was placed in custody. This evidence clearly supports a finding of guilty. Moreover, the trial justice noted that the arresting officers testified credibly with regard to Case's actions, and that Levasseur's testimony was "selective." We discern no error.

For the foregoing reasons the defendant's appeal is denied and dismissed. The judgment appealed from is affirmed, and the papers in this case are remanded to the Superior Court.